UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARY LOU KILWEIN,<br><br>　　Plaintiff,<br><br>　　v.<br><br>WASHINGTON STATE UNIVERSITY, and THE STATE OF WASHINGTON,<br><br>　　Defendants. | NO. CV-07-333-RHW<br><br>**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT** |

Before the Court is Defendants Washington State University and State of Washington's Motion for Summary Judgment (Ct. Rec. 15). The motion was heard without oral argument.

**I.    Background**

Plaintiff filed her Complaint on October 22, 2007, alleging Defendants discriminated against her under federal and state law on the basis of her age and her gender and violated her right to due process. She asserts Defendants refused to hire her for two journeyman-level painter/drywall positions based solely on her gender and her age, and that it instead hired two men who had substantially less experience and who were significantly younger than Plaintiff.

**II.    Standard of Review**

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). There is no

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT** * 1

genuine issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986). The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery, and affidavits that demonstrate the absence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party meets its initial burden, the non-moving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Id.* at 325; *Anderson*, 477 U.S. at 248.

The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim on which the non-moving party has the burden of proof. *Celotex*, 477 U.S. at 323.

**III.  Facts**

The following facts are undisputed unless otherwise indicated:

Plaintiff applied for two journeyman-level painter/drywall positions at Defendant Washington State University (WSU) on March 1, 2006. On or about May 28, 2006, Plaintiff learned that two men had been hired for the positions, and that both of them had substantially less experience and were significantly younger than Plaintiff.

Plaintiff filed a claim with the Equal Employment Opportunity Commission ("EEOC") and received a right to sue notice on May 30, 2007. The right to sue notice required Plaintiff to file her lawsuit under Title VII and the ADEA within 90 days of receipt of the notice. On August 20, 2007, 81 days later, Plaintiff filed a State tort claim with Washington's Office of Risk Management. Revised Code of Washington Title 4.92 requires a plaintiff file a complaint with the Office of Risk Management 60 days before filing suit. RCW §§ 4.92.100 & 4.92.110. Section 4.92.110 also states that "[t]he applicable period of limitations within which an action must be commenced shall be tolled during the sixty-day period." RCW §

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT** * 2

4.92.110.

On October 22, 2007, 145 days after receiving the right to sue notice and 63 days after filing with the Office of Risk Management, Plaintiff filed the present suit. Defendant states that she filed suit on October 26, 2007, but that is the date it received her complaint.

**IV.    Analysis**

Defendant submits that Plaintiff's Title VII and Age Discrimination in Employment Act (ADEA) claims should be dismissed because she did not file her lawsuit within 90 days after the EEOC issued its right to sue notice. Should the Court dismiss these federal claims, Defendant states the rest of Plaintiff's claims under state law should also be dismissed because Plaintiff cannot sue the State of Washington and WSU in federal court because those claims are barred under the Eleventh Amendment. Plaintiff argues that RCW § 4.92.110's tolling provision applies to her complaint and that, under that provision, she timely filed suit.

This matter is ripe for summary judgment, for both parties agree on the material facts of when Plaintiff received her right to sue notice, when she filed with the State Office of Risk Management, and when she filed suit in this Court.

Before a plaintiff can file a Title VII civil action, she must file a timely charge of discrimination with the EEOC. If the EEOC dismisses the charge and issues a "right to sue" notice, the plaintiff then has ninety days in which to file a civil action. 42 U.S.C. § 2000e-5(f)(1). "This ninety-day period is a statute of limitations." *Nelmida v. Shelly Eurocars, Inc.*, 112 F.3d 380, 383 (9th Cir. 1997), *cert. denied*, 522 U.S. 858 (1997). If a plaintiff does not file within the ninety-day period, "the action is barred." *Ortez v. Washington County, State of Oregon*, 88 F.3d 804, 807 (9th Cir. 1996). Claims brought pursuant to the ADEA are subject to the same 90-day limitations period. *O'Donnell v. Vencor, Inc.*, 465 F.3d 1063, 1066 (9th Cir. 2006).

Here, as stated above, the EEOC issued the right to sue notice on May 30,

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT** * 3

2007. Plaintiff filed suit in this Court on October 22, 2007, 142 days later. There is no question that the matter was untimely filed. Plaintiff argues that the 60-day tolling provision in RCW § 4.92.110 should apply. Section 4.92.110 states:

> No action shall be commenced against the state for damages arising out of tortious conduct until sixty days have elapsed after the claim is presented to and filed with the risk management office. The applicable time period of limitations within which an action must be commenced shall be tolled during the sixty-day period.

RCW § 4.92.110.

In an unpublished decision, the Ninth Circuit has expressly held that "Section 4.92.110 is not applicable to Title VII claims because Congress has abrogated the State of Washington's sovereign immunity with respect to Title VII actions. *See Fitzpatrick v. Bitzer*, 427 U.S. 445 (1976). Moreover, '[w]hen Congress has provided a federal statute of limitations for a federal claim . . . state tolling provisions are not applicable.' *Brown v. Hartshorne Public School Dist. No. 1*, 926 F.2d 959, 961 (10th Cir. 1991). . . ." *Burgess v. Washington*, 199 F.3d 1331, 1999 WL 974182, at *2 (9th Cir. 1999). The *Burgess* court lists in a footnote other circuits' and state courts' conclusions on this issue, noting that the Tenth, Sixth, and Eighth Circuits have all found that state "savings statutes" did not apply to Title VII actions. *Id.* n.3.

Published authority also supports this conclusion. In a Title IX action, the Ninth Circuit explained in dicta that

> it is far from certain that Title IX actions can be subject to a state claim presentment requirement. In *Felder v. Casey*, 487 U.S. 131, 134, 108 S.Ct. 2302, 101 L.Ed.2d 123 (1988), the Supreme Court held that the states may not apply such requirements to section 1983 actions. The case also strongly suggests that they cannot be applied to any federal civil rights actions. *See id.* at 153, 108 S.Ct. 2302 ("A state law that conditions that rights of recovery upon compliance with a rule designed to minimize governmental liability, and that directs injured persons to seek redress in the first instance from the very targets of the federal legislation, is inconsistent in both purpose and effect with the remedial objectives of the federal civil rights law").

*Stanley v. Trustees of California State Univ.*, 433 F.3d 1129, 1135 (9th Cir. 2006). Assuming the state presentment requirement does not apply to Title VII actions,

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT** * 4

the accompanying provision for tolling does not apply, either. *See id.*

Plaintiff also arguably makes a due process claim in her Complaint, presumably under 42 U.S.C. § 1983. However, "[t]he Eleventh Amendment bars suits against the State or its agencies for all types of relief, absent unequivocal consent by the state."[1] *Romano v. Bible*, 169 F.3d 1182, 1185 (9th Cir. 1999), *cert. denied* 528 U.S. 816 (1999) (citing *Pennhurst v. Halderman*, 465 U.S. 89, 100 (1984)). Therefore, this claim is also dismissed.

As for Plaintiff's claims under state law, state sovereign immunity under the Eleventh Amendment bars federal jurisdiction of state law claims against the State. *See Stanley*, 433 F.3d at 1133-34. Plaintiff's argument that the Court should exercise supplemental jurisdiction does not defeat this well-settled law.

Accordingly, **IT IS HEREBY ORDERED** that Defendants Washington State University and State of Washington's Motion for Summary Judgment (Ct. Rec. 15) is **GRANTED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, enter judgment for Defendants, forward copies to counsel, and to **close the file**.

**DATED** this 29th day of August, 2008.

     *s/Robert H. Whaley*
     ROBERT H. WHALEY
     Chief United States District Judge

Q:\CIVIL\2007\Kilwein\sj.ord.wpd

---

[1] Eleventh Amendment immunity does not apply to claims against states pursuant to Title VII. *See* 42 U.S.C. § 2000e(a), (b); *Fitzpatrick v. Bitzer*, 427 U.S. 445, 453 n.9 (1976). However, state governments retain their sovereign immunity against lawsuits filed by individuals in federal court under the ADEA. *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 91 (2000). This is an alternative ground for dismissing Plaintiff's claim under the ADEA.

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT** * 5